IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

HASKELL YATES                )
                             )
v.                           )    No. 2:15-0049
                             )
CAROLYN W. COLVIN,           )
    Acting Commissioner of   )
    Social Security          )

To: The Honorable Kevin H. Sharp, Chief District Judge

# **R E P O R T   A N D   R E C O M M E N D A T I O N**

Plaintiff filed this action on September 4, 2015, seeking judicial review of the administrative denial of social security benefits. Defendant subsequently filed an answer and the administrative record. (Docket Entry No. 10, 11). By Order entered April 20, 2016 (Docket Entry No. 12), the Court gave Plaintiff thirty (30) days to file a motion for judgment on the record and an accompanying memorandum. Plaintiff has failed to do so, and has not filed any motion or made any other type of filing since entry of the April 20, 2016 Order.

On September 16, 2016, Defendant filed a motion to show cause why Plaintiff's complaint should not be dismissed for failure to prosecute (Docket Entry No. 13). The Court granted this motion, and by Order entered September 21, 2016 (Docket Entry No. 14), Plaintiff was given until October 24, 2016 to file a motion for judgment on the administrative record and/or a response to the motion to show cause. In that Order, the Court warned Plaintiff that if he did not file his motion for judgment on the administrative record or otherwise show cause why his action should not be dismissed by October 24, 2016, his case could be dismissed for failure to

comply with the Court's Orders and for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Nevertheless, Plaintiff has not filed a motion for judgment on the administrative record, nor has he filed a response showing cause why his action should not be dismissed.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff.[1] *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff has had ample opportunity to prosecute this case. He was notified of his obligation to file a response to Defendant's motion to show cause by Order entered September 21, 2016. However, contrary to the Court's orders, Plaintiff has not filed a response to the motion to show cause, has not filed a motion for judgment on the administrative record, nor has he made any other filings in this case. Even after the Court granted Defendant's motion to show cause and warned Plaintiff that his case could be dismissed if he did not respond by October 24, 2016, Plaintiff failed to take further action to prosecute this case.

---

[1] Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

# RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be DISMISSED for Plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge